UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH MARTINE BOGGS,

              Petitioner,

v.                              Case No. 3:20-cv-228-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

              Respondents.

_____

## ORDER

### I. Status

Petitioner Kenneth Martine Boggs, an inmate of the Florida penal system, initiated this action on June 21, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Boggs challenges a 2004 state court (Duval County, Florida) judgment of conviction for first degree murder, attempted first degree murder, armed robbery with a firearm, and aggravated battery with a firearm (two counts). He raises one ground for relief. See Petition at 4-6. Respondents have

---

[1] See Petition at 9 (showing that Boggs delivered the Petition to prison officers for mailing on June 21, 2019); see also id. at 1 (reflecting a March 4, 2020 prison file stamp date).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely. See Motion to Dismiss Petition as Untimely Filed (Response; Doc. 6). They also submitted exhibits. See Docs. 6-1 through 6-3. Boggs did not file a brief in reply, and briefing closed in February 2021. See Order (Doc. 7). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Boggs has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 4-5. In the Petition, Boggs asserts that the Petition is timely. Petition at 8. The following procedural history is relevant to the one-year limitations issue. On April 18, 2002, the State of Florida charged Boggs by Indictment in Duval County case number 2002-CF-2881 with first degree murder (count one), attempted first degree murder (count two), armed robbery (counts three and four), armed kidnapping (counts five, six, seven, and eight), and aggravated battery (counts nine and ten). Doc. 6-1 at 9-11. On September 2, 2004, Boggs entered a guilty plea on counts one, two, three, nine, and ten, and the State agreed that it would nolle pros counts four through eight. Id. at 14-18, Pleas of Guilty and Negotiated Sentences; see id. at 29-49, Transcript of the Plea Hearing. That same day, the court sentenced Boggs to life imprisonment on

3

counts one, two, and three, and fifteen-year terms of imprisonment on counts nine and ten. Id. at 19-28, Judgment. Under Florida law, Boggs had thirty days from the date of rendition of the written order imposing his sentence to file a direct appeal. See Fla. R. App. P. 9.140(b)(3). Boggs did not appeal the judgment and sentence, and therefore, his conviction and sentence became final on Saturday, October 2, 2004. He had until Monday, October 4, 2004, to file a direct appeal. The one-year limitations period began to run the next day on Tuesday, October 5, 2004. Accordingly, Boggs had until Wednesday, October 5, 2005, to file a federal habeas petition. He did not file the instant Petition until June 21, 2019. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

With the one-year limitations period having expired on October 5, 2005, none of Boggs's postconviction motions[3] filed after October 5, 2005,[4] could toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a

---

[3] Boggs's March 31, 2005 request for documents, see Doc. 6-1 at 50, is not a tolling motion for purposes of § 2244(d)(2) because the filing was not a collateral attack on his conviction or sentence. See Brown v. Sec'y for Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008) (recognizing that a discovery motion does not toll AEDPA's one-year limitations period).

[4] See Response at 3; see also Docs. 6-1 at 2-4, state-court docket (showing Boggs filed his post convictions motions pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850 on July 11, 2007); 6-2 at 12 (showing a July 10th delivery date).

state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Boggs's June 21, 2019 Petition is untimely filed, and due to be dismissed unless Boggs can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Boggs to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005)

(quotations and citation omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). He simply has not met his burden.

In the Petition, Boggs apparently bases his timeliness argument on the pendency of a Rule 3.800 motion that he allegedly filed on February 8, 2005. Petition at 8. However, he is mistaken as to the filing date. The record reflects that Boggs filed a Rule 3.800 motion on July 10, 2007, well after the one-year limitations period had run. <u>See</u> Docs. 6-1 at 4, docket entry 295; 6-2 at 4-12 (showing a July 10, 2007 delivery date); <u>see</u> <u>also</u> Response at 3 n.1 ("The lower court docket confirms it was docketed on July 11, 2007."). Boggs has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Boggs seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Boggs "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.      Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.      If Boggs appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 9/15
c:
Kenneth Martine Boggs, FDOC #292040
Counsel of Record